FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM LOGAN MORRIS,

Defendant - Appellant.

No. 23-7076
(D.C. No. 6:22-CR-00120-JFH-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Defendant William Morris pleaded guilty to one count of arson in Indian

Country, in violation of 18 U.S.C. §§ 81, 1151 and 1153.  The district court

sentenced Mr. Morris to 37 months' imprisonment and ordered him to pay restitution

in the amount of $15,000.  Mr. Morris now appeals, arguing there was insufficient

evidence to support the amount of the restitution order.  The government concedes

the error.  Consequently, exercising jurisdiction under 18 U.S.C. § 3742(a) and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

28 U.S.C. § 1291, we vacate the district court's restitution order and remand the case to the district court for proper determination of the restitution amount.

## I

Prior to January 3, 2022, Mr. Morris and his girlfriend lived with Mr. Morris's brother, W.V.M., in a mobile home located in Tahlequah, Oklahoma. The mobile home was owned by Bluffview Enterprises, LLC (Bluffview), and leased to W.V.M.'s girlfriend.

On January 3, 2022, W.V.M. kicked Mr. Morris and his girlfriend out of the mobile home because they were causing issues at the home. Mr. Morris and his girlfriend retaliated against W.V.M. by breaking into the mobile home early the next morning and destroying items inside the home. Mr. Morris also set fire to a nylon cord that was attached to the wall of W.V.M.'s bedroom. The fire spread to the rest of the bedroom and eventually the entire structure. W.V.M. and his family were not home at the time of the fire.

Mr. Morris was interviewed by law enforcement officers on January 6, 2022, and admitted to breaking into W.V.M.'s home and setting the fire.

## II

A federal grand jury indicted Mr. Morris on one count of arson in Indian Country, in violation of 18 U.S.C. §§ 81, 1151, and 1153, and one count of arson, in violation of 18 U.S.C. § 844(i).

Mr. Morris pleaded guilty, without benefit of a plea agreement, to the arson in Indian Country charge. The remaining count was dismissed by the government.

2

A presentence investigation report (PSR) was prepared and submitted to the district court and the parties.  The PSR calculated an advisory guideline imprisonment range of 37 to 46 months.  The PSR also noted that, under 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1, an order of restitution was required in the case.  The PSR stated that Bluffview intended to seek restitution for the disposal and replacement of the mobile home, and that Bluffview had verbally estimated the amount of its loss to be approximately $15,000.  The PSR noted, however, that the probation office had not received any written estimates from Bluffview. Neither party objected to the PSR.

At the sentencing hearing, the district court adopted the PSR's calculations and imposed a sentence of 37 months' imprisonment.  Regarding the issue of restitution, the government advised the district court that Bluffview had submitted a written estimate of $84,650 to remove the burned mobile home.  The government conceded, however, that this written estimate was untimely.  The district court did not consider the written estimate and instead ordered Mr. Morris to pay restitution to Bluffview in the amount of $15,000.

Mr. Morris now appeals the district court's restitution order.

III

"Ordinarily, we review the legality of a restitution order de novo, the district court's factual findings for clear error, and the amount of restitution for abuse of discretion." *United States v. Allen*, 983 F.3d 463, 472 (10th Cir. 2020) (internal quotation marks omitted).  But where, as here, "the defendant has not properly

preserved the issue below, . . . we review a restitution order for plain error." *Id.* (internal quotation marks omitted).

Although establishing plain error is normally an onerous burden for a defendant, in this case the government concedes the district court plainly erred in determining the amount of restitution. As a result, both parties agree that the $15,000 figure contained in the PSR was never verified by the probation office or the government and, as a result, could not function as the basis for the district court's restitution order. Further, both parties agree that the matter should be remanded to the district court for further proceedings.

IV

We therefore vacate the district court's restitution order and remand the case for proper determination of the restitution amount.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4